*Eleventh Judicial District.*

## In the Common Pleas of Luzerne County.

---

### TYLER v. ANTHONY.

1. There is nothing in the statute authorizing a justice of the peace to enter judgment by default against the defendant upon the mere statement of the amount and the examination of it. If the plaintiff does not appear before the justice in person, he must be represented by an agent or by witnesses.

2. M'Cowan v. Ward, 1 Luz. Leg. Observer, 196, affirmed.

Certiorari.

Opinion by CONYNGHAM, P. J.

The record returns that on the proper day of hearing the parties did not appear. There is nothing stated from which it can be reasonably inferred that the plaintiff was represented by an agent or by witnesses. The duty of the justice was then to enter a judgment of non suit, and not upon the mere statement of the amount, and the examination of it, to enter judgment by default against the defendant. We refer to our opinion filed in the case of M'Cowan v. Ward, 1 Luz. *Legal Observer*, 196, as substantially agreeing with this cause, and showing the grounds upon which we are compelled to reverse the judgment. The justice had no jurisdiction to allow the entry of such a judgment.

Proceedings reversed.